IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN STAUFFER, et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAUDE SIMPKINS, et al. | : | No. 13-1094 |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**TIMOTHY R. RICE**                                                                          February 13, 2015
**U.S. MAGISTRATE JUDGE**

      Plaintiffs Steven Stauffer and Damon Thomas allege that Defendant police officers Claude Simpkins, Robert Kuech, and Paul Antonucci violated their federal constitutional right to be free from excessive force pursuant to 42 U.S.C. § 1983, and committed an assault and battery against them in violation of state law.[1]  See Compl. (doc. 1) Counts III, V.  The police officers have moved for a judgment on the pleadings on Stauffer's claims.  See Motion for Judgment on the Pleadings (doc. 26).  They argue Stauffer's excessive force claim must be dismissed based on his criminal convictions related to the underlying incident and because they are immune from liability for excessive force.  The officers also contend they are immune from liability for Stauffer's state law tort claims because Stauffer cannot show they acted with willful misconduct. See 42 Pa. C.S. §§ 8541, 8545, 8550 (governmental employees are immune from liability for personal injuries unless they acted with willful misconduct).

      Stauffer's claims must be dismissed.  Stauffer cannot prevail on his excessive force claim because a judgment in his favor would require the jury to discredit the elements established by

---

[1]     The Court previously dismissed several other claims in Plaintiffs' complaint.  See 4/17/2014 Order (doc. 17).

his criminal convictions.  Alternatively, the police officers are immune from liability because Stauffer has failed to show that their use of force violated a clearly established constitutional right.  The police officers also are immune from liability for assault and battery because Stauffer cannot establish that they engaged in willful misconduct by using an unreasonable amount of force.

Under Federal Rule of Civil Procedure 12(c), I may grant judgment on the pleadings if the police officers clearly establish there are no material issues of fact, and they are entitled to judgment as a matter of law.  See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  I must view the facts alleged in the complaint and any inferences from those allegations in favor of Stauffer.  Id.  However, I also may consider matters of public record, items subject to judicial notice, and unquestionable authentic documents attached to the complaint or defense motion, and discredit Stauffer's allegations if they are inconsistent with such documents.  See Chemi Spa v. GlaxoSmithKline, 356 F. Supp. 2d 495, 496-97 (E.D. Pa. 2005) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n.2 (3d Cir. 1994), Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196-97 (3d Cir. 1993)); see also Buck v. Hamptom Twp Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

Stauffer alleges that on March 11, 2011, he and Thomas were parked in his car when the police officers, while in plainclothes and an unmarked car, pulled alongside him for no reason.  See Compl. (doc. 1) at ¶¶ 8-12.  The police officers exited their car and did not identify themselves.  Id. ¶ 13.  Stauffer feared he was being carjacked and turned on his car engine and lights.  Id. ¶¶ 14-15.  The police officers surrounded the car, drawing their guns.  Id. ¶ 16.  Stauffer put the car in drive, but did not attempt to run the police officers over and none of the officers were injured.  Id. ¶¶ 17, 22-23.  The police officers, however, "unloaded their firearms"

into Stauffer's car.  Id. ¶ 18.  Stauffer was shot multiple times in his head and now suffers permanent physical injuries, including blindness and cranial damage.  Id. ¶ 20.  Thomas was shot in his thigh.  Id. ¶ 21.

*Stauffer's Excessive Force Claim*

The police officers argue that Stauffer's excessive force claim must be dismissed because he was convicted of several crimes in Pennsylvania state court related to the March 11 incident and these convictions prevent him from prevailing on his claim.  They additionally argue that they are immune from liability for excessive force.

The police officers have attached the state court criminal docket as proof of Stauffer's convictions.  See Motion for Judgment on the Pleadings, Ex. B, Commonwealth v. Stauffer, CP-15-CR-220-2012, Dkt. Rpt at 3-4, 9.  Stauffer also has provided me with other documents from the state court record, including the notes of testimony from his trial.[2]  The docket shows that Stauffer was charged and tried for several offenses based on his conduct on March 11, 2011.  See Dkt. Rpt. at 2-3.  During Stauffer's trial, the three police officers each testified that after observing Stauffer's parked car, they parked their unmarked car and walked to Stauffer's car to investigate the situation.  N.T. 6/25/2012 at 45-46, 57; N.T. 6/26/2012 at 23-27, 104-07.  When they were several feet in front of Stauffer's car, Stauffer turned on his engine and drove his car toward them, hitting and minimally injuring Officer Keuch, and requiring Officers Antonucci and Simpkins to move out of the way to avoid being hit.  N.T. 6/25/2012 at 47, 57; N.T.

---

2       On January 8, 2015, I asked defendants to provide me with a copy of the state court record.  Stauffer subsequently provided me with most of the state court documents.  I considered only the notes of testimony from Stauffer's trial and Stauffer's judgment of sentence, which the parties do not dispute, see Response Br. (doc. 27) at 2, and must be considered under Heck v. Humphrey, 512 U.S. 477 (1994).  To the extent that my consideration of the notes of testimony converts the police officers' motion to a motion for summary judgment under Federal Rule of Civil Procedure 12(b)(2), I find that Stauffer had sufficient notice of such conversion because he provided the state court records without objection or seeking to provide additional material.

6/26/2012 at 29-34, 109-10, 125.  Stauffer disputed the officers' testimony and denied all charges.

The jury convicted Stauffer of one count of aggravated assault, and three counts of both recklessly endangering another person and simple assault, in violation of 18 Pa. C. S. §§ 2701(a)(1-3), 2702(a)(6), 2705.  Dkt. Rpt. at 3-4, 9.  The jury found Stauffer not guilty of attempt to commit criminal homicide, 18 Pa. C.S. § 901(a).[3]  Id. at 3, 9.  The Superior Court has affirmed Stauffer's judgment and Stauffer has not sought further review, making his judgment of sentence final.  See id. at 14-15.

I must conclude from Stauffer's convictions that the elements required to sustain those convictions have been legally established.[4]  Accordingly, Stauffer's aggravated assault conviction shows that he attempted "by physical menace" to put the police officers "in fear of imminent serious bodily injury."  18 Pa. C.S. § 2702(a)(6).  Stauffer's reckless endangerment convictions establish that he recklessly engaged in conduct that placed or may have placed another "in danger of death or serious bodily injury."  Id. § 2705.  Stauffer's simple assault convictions show that he: (1) attempted to cause or intentionally, knowingly, or recklessly caused bodily injury to another; (2) negligently caused bodily injury to another "with a deadly weapon;" and (3) attempted by physical menace to put another in fear of imminent serious bodily injury.[5]  Id. § 2701(a)(1-3).

---

[3]   The jury could not reach a decision on two other counts of aggravated assault, 18 Pa. C.S. § 2702(a)(3-4).

[4]   I may take judicial notice of the statutory elements required for each of Stauffer's criminal convictions.  See Gallup v. Caldwell, 120 F.2d 90, 93 (3d Cir. 1941).

[5]   I also conclude that the elements required to establish attempt to commit homicide have not been established.  Thus, Stauffer did not take a substantial step toward killing one or more of the officers with the specific intent of committing homicide.  18 Pa. C.S. § 901(a).

In <u>Heck v. Humphrey</u>, 512 U.S. 477, the Supreme Court recognized that a plaintiff may be barred from bringing a § 1983 claim based on his state court criminal convictions. The Court explained, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Id.</u> at 487. Such a result could occur where the plaintiff can prevail in his § 1983 action only by negating an element of the criminal offense for which he has been convicted. <u>See id.</u> at 487 n.6. In these situations, the § 1983 "complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u> at 487. Alternatively, if a favorable § 1983 judgment will not conflict with the plaintiff's convictions, the plaintiff may proceed with his action. <u>Id.</u>

To prevail on his excessive force claim, Stauffer must show that the police officers' use of force against him was objectively unreasonable in light of all of the facts and circumstances confronting them, such as the severity of the crime, whether Stauffer posed an immediate threat to the safety of the officers or others, and whether Stauffer was actively resisting or attempting to evade arrest. <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). The inquiry also must consider "the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." <u>Id.</u> at 397.

A series of Supreme Court cases show that this objective reasonableness test also applies in cases involving deadly force, like this one, although one of the most important factors is whether the suspect placed others at risk of immediate death or serious physical injury. <u>See</u> <u>Tennessee v. Garner</u>, 471 U.S. 1, 4, 11 (1985); <u>Scott v. Harris</u>, 550 U.S. 372, 385 (2007); <u>Plumhoff v. Rickard</u>, 134 S. Ct. 2012, 2021 (2014). In <u>Garner</u>, a police officer shot and killed a

fleeing suspect, who was unarmed and did not pose a threat of immediate injury to the officers or others. 471 U.S. at 11. The Court found that such deadly force was not reasonable. Id. at 3 ("such force may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others").

In Scott, however, the Court concluded that a police officer was objectively reasonable in using a dangerous technique to stop a suspect who had initiated a high-speed car chase that "posed a substantial and immediate risk of serious physical injury to others." 550 U.S. at 386. In Plumhoff, the Court similarly held that police officers did not use excessive force in firing fifteen shots and killing a suspect who posed a grave public safety risk by engaging in a high-speed and reckless car chase. 134 S. Ct. at 2022. The Court reached this conclusion even though the police officers shot the suspect after the chase had momentarily stopped, reasoning that the suspect was still attempting to flee in his car. Id. ("under the circumstances at the moment when the shots were fired, all that a reasonable police officer could have concluded was that the [suspect] was intent on resuming his flight," which would "once again" pose a deadly threat to others on the road). The Court further found that it was not unreasonable for the officer to continuously fire shots until the threat posed by the suspect had ended. Id.

Stauffer suggests in his complaint that he did not pose a dangerous risk to the police officers when they "unloaded their firearms" into his car. He alleges that he only put his car in drive, he did not attempt to drive into the police officers, and none of the police officers were injured. See Compl. ¶¶ 22-23. Although Stauffer's excessive force claim may have merit under the reasoning of Garner if these facts and inferences are accepted, they directly contradict Stauffer's criminal convictions, which establish that he recklessly placed the officers in danger of

6

death or serious bodily injury and caused bodily injury to one of the officers with a deadly weapon, i.e., his car.  See 18 Pa. C.S. §§ 2701(a)(1-3), 2702(a)(6), 2705.  Furthermore, once these established facts are considered within the context of Stauffer's complaint, a jury could not find, under the reasoning of Scott and Plumhoff, that the police officers' use of force in response to Stauffer's action was objectively unreasonable.

As Stauffer concedes, the police officers fired their guns only after they had surrounded Stauffer's car and Stauffer put the car in drive, i.e., when Stauffer placed them at risk of death or serious bodily injury.  See Compl. ¶¶ 16-18.  Even if Stauffer did not know that the men approaching him were police officers, his conduct posed a serious risk of danger to the officers, requiring them to act quickly to protect themselves.[6]  Similarly, although none of the police officers were seriously injured, the officers could not have known that they would be so fortunate at the time of the incident.  See Graham, 490 U.S. at 396 (reasonableness inquiry cannot be based on 20/20 vision of hindsight).  It also was reasonable for the officers to continue to fire at Stauffer until they were sure they were safely out of harm's way.  See Plumhoff, 134 S. Ct. at 2022.  Thus, because Stauffer cannot prevail on his excessive force claim when the legal elements established by his criminal convictions are considered, his claim must be dismissed pursuant to Heck.

Stauffer claims Garrison v. Porch, 376 Fed. App'x 274, 277-78 (3d Cir. 2010), precludes dismissal under Heck.  The Garrison court reasoned that "the fact that Garrison's threatened or attempted use of force was unlawful does not automatically mean that there is no use of force

---

[6] The police officers argue that Stauffer's aggravated assault conviction requires me to find that they identified themselves as police and reject Stauffer's allegations otherwise.  See Reply Br. at 8-9.  Stauffer's conviction, however, did not require the jury to find that Stauffer knew the defendants were police officers unless Stauffer raised a self-defense argument.  See Commonwealth v. Flemings, 652 A.2d 1282, 1284-85 (Pa. 1995).

that [the police officer] could have used in response which could have risen to the level unreasonable and excessive." Id. at 278. In Garrison, the plaintiff was convicted of only simple assault and resisting arrest for raising his arms in an attempt to strike a police officer who was trying to handcuff him for public urination. In contrast, Stauffer was convicted of aggravated assault, and three counts of simple assault and reckless endangerment because he placed the police officers in danger of death or serious bodily injury by driving his car, i.e., a deadly weapon, toward them and hitting one officer with the car. The cases are factually distinguishable and require different results under the Fourth Amendment's objective reasonableness test.

Stauffer's reliance on Abraham v. Raso, 183 F.3d 279 (3d Cir. 1999), which overruled a grant of summary judgment in favor of the police, also is misplaced. Abraham was killed while driving his car toward police and was never charged or convicted of a crime. Id. at 282. The Court held only that disputed material facts existed on the excessive force claim brought by his estate. Id. at 295-96. It had no occasion to apply Heck, which controls here.

Even if Stauffer's criminal convictions could co-exist with his excessive force claim, the police officers would be entitled to immunity on that claim. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." Plumhoff, 134 S. Ct. at 2023 (citing Ashcroft v. al Kidd, 131 S. Ct. 2074, 1080 (2011)); Saucier v. Katz, 533 U.S. 194, 200-01 (2001). The contours of the constitutional right must be "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." Plumhoff, 134 S. Ct. at 2023. "[E]xisting precedent" must have placed the constitutional right "beyond debate." Id. (citing Ashcroft, 131 S. Ct. at 1080).

8

Stauffer fails to identify any clearly established law that shows the police officers' conduct was unconstitutional. Instead, he argues that I must accept all of his allegations and deny immunity if he is entitled to relief under any set of facts consistent with those allegations. See Response Br. at 7. Although I agree that I must view all facts and inferences in the light most favorable to Stauffer, I cannot do so where they are inconsistent with matters of public record or items of judicial notice. See supra at 2. Thus, I must reject Stauffer's claims that none of the officers were in danger or injured in the incident because these allegations contradict the elements established by Stauffer's criminal convictions, as shown by the state court docket and the Pennsylvania criminal statutes. See supra at 6. Furthermore, when the elements established by Stauffer's convictions are considered with the other facts alleged in Stauffer's complaint, the police officers' conduct did not violate a clearly established law. See Scott, 550 U.S. at 386; Brosseau v. Haugen, 543 U.S. 194, 201 (2004) (no clearly established law prohibited police officer from shooting at fleeing suspect when he began to drive away, forcing the officer to jump back from the car); see also Plumhoff, 134 S. Ct. at 2024 (no clearly established law barred police officers from firing multiple shots to stop suspect who posed risk of death or serious physical injury to others).

Stauffer's excessive force claim is dismissed because it cannot be reconciled with his criminal convictions and because the police officers are entitled to qualified immunity for their alleged use of force.

*Stauffer's Assault and Battery Claims*

The police officers also argue that they are immune from liability for assault and battery because Stauffer cannot show that they acted with willful misconduct.

The Pennsylvania Political Subdivision Tort Claims Act provides immunity to governmental employees for personal injuries caused while the employee was acting in the scope of his employment unless the employee was engaged in fraud, malice, or willful misconduct. See 42 Pa. C.S. §§ 8541, 8545, 8550.  Willful misconduct occurs where the actor intended to commit the wrongful act or was substantially certain that it would occur.  See Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994).   In the context of an alleged assault and battery by a police officer, a plaintiff can establish willful misconduct by showing that the police officer used an unreasonable amount of force.  See id.  Police officers are justified in using deadly force under Pennsylvania law only when they believe that such force is necessary to prevent death or serious bodily injury to themselves or another.  See 18 Pa. C.S. § 508.

Because Stauffer's allegations and convictions show that the police officers' use of deadly force was in response to Stauffer's reckless actions that put them at risk of death or serious bodily injury, Stauffer cannot show that the officers engaged in willful misconduct by using an unreasonable amount of force against him.

Stauffer's assault and battery claims are dismissed.

An appropriate order follows.